IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUAN GONZALEZ-REYES,        :        No. 3:26cv712
            Petitioner         :

                             :        (Judge Munley)

      v.                       :

                             :

WARDEN, Clinton County        :
Correctional Facility,        :
            Respondent         :

### MEMORANDUM ORDER

Before the court is an amended *pro se* petition for writ of habeas corpus filed by Juan Gonzalez-Reyes pursuant to 28 U.S.C. § 2241. (Doc. 4). For the reasons set forth below, the petition will be denied.

Petitioner is a native and citizen of the Dominican Republic. (Doc. 7-2, I-213 Record). He entered the United States in April 2002 as a child of a lawful permanent resident. Id. Although he has lived in the United States since childhood, he is not a naturalized citizen. (Doc. 9 at 3). He is the parent of a teenager, who is a United States citizen. Id. at 2.

According to the record, Gonzalez-Reyes is also a convicted felon. He pled guilty in the United States District Court of the District of Connecticut to conspiracy to distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl. On June 12, 2025, the Honorable Robert N. Chatigny sentenced the petitioner to one year

and one day of incarceration and three years of supervised release. United States v Gonzalez-Reyes, 3:22cr236 (D. Conn) (Doc. 400). Petitioner served the incarceration portion of his sentence at FCI-Allenwood Low, a minimum security correctional facility in White Deer, Pennsylvania. (Doc. 7-2, Resp. Ex. 1). He has offered several letters detailing his contrition for his offense and his respect for the American judicial system. (Docs. 9–10). The court notes those letters in the record.

According to the amended petition, Gonzalez-Reyes was taken into ICE custody on March 16, 2026 from FCI-Allenwood Low. (Doc. 4 at ECF p. 4, ¶ 11(a)). He is currently detained at the Clinton County Correctional Facility pursuant to an agreement between the government and the county.

Deportation proceedings began prior to Gonzalez-Reyes's transfer from federal criminal custody to federal immigration detention. That is, on September 17, 2025, DHS issued a Notice to Appear to the petitioner administratively charging him as a deportable alien under 8 U.S.C. § 1227(a)(2)(A)(iii) and (a)(2)(B)(i) due to the nature of his conviction. (Doc. 7-3). On February 17, 2026, an immigration judge ordered him removed to the Dominican Republic and denied his request for deferral of removal under the Convention Against Torture. Gonzalez-Reyes appealed that decision to the Board of Immigration Appeals.

(Docs. 7-4, 7-5). That appeal remains pending. Thus, there is no final order of removal applicable to the petitioner.

Gonzalez-Reyes argues that the government is detaining him illegally under 8 U.S.C. §1231(a) and that the statute does not apply to him. The petitioner is half-right. Section 1231(a) does not apply to his detention because there is no final order of removal. Rather, based on his criminal conviction, 8 U.S.C. § 1226(c) governs this matter. Section 1226(c) applies to the detention of a "criminal alien," including those who are "deportable by reason of having committed any offense covered" in the provisions the government argues are applicable to the petitioner.

Section 1226(c) does not limit the length of the detention it authorizes, Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), but "a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional under the Due Process Clause of the Fifth Amendment." Ibrahim v. Superintendent of Miami Corr. Facility, No. 1:25-CV-00727, 2026 WL 116489, at *4 (M.D. Pa. Jan. 15, 2026) (Wilson, J) (citing German Santos v. Warden Pike Cty. Corr. Facility, 965 F.3d 203, 208–09 (3d Cir. 2020)). In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing." German Santos, 965 F.3d at 210 (quoting Diop v.

3

ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011), abrogated in part on other grounds by Jennings, 583 U.S. 281 (2018)).

Gonzalez-Reyes contends that his immigration detention is illegal. It is legal. The question to be answered is whether the petitioner's detention is *reasonable* with request to his due process rights, particularly when he has not had a bond hearing. Reasonableness is "a 'highly fact-specific' inquiry." Id. (quoting Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 474 (3d Cir. 2015)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention, the most important factor; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. Id. at 211 (citations omitted).

*Duration of Detention* –. With respect to the first and most important consideration—duration of detention—Gonzalez-Reyes has been detained by ICE for approximately two months without a bond hearing. The court does not consider any time Gonzalez-Reyes spent at FCI-Allenwood Low due to the incarceration portion of his criminal sentence. Two months in ICE custody is not an unreasonable period to go without a bond hearing. This length of time does not weigh in favor of granting the petitioner with relief. Accord Viantsko v. Lowe,

4

No. 4:26-CV-00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026) (Brann, C.J.); Salau v. Hoover, No. 3:25-CV-02295, 2026 WL 49557, at *4 (M.D. Pa. Jan. 7, 2026) (Mehalchick, J.).

*Likelihood of Continued Detention* – As to whether detention will continue, based on the appeal to the BIA, the court cannot reasonably determine how long any appeal of the IJ's order will last. See Davydov v. Doll, No. 1:19-CV-2110, 2020 WL 969618, at *5 (M.D. Pa. Feb. 28, 2020). "When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." German Santos, 965 F.3d at 211 (3d Cir. 2020). Based on the likelihood of continued detention, this would favor granting the petitioner a bond hearing.

*Reasons for the Delay* - The third factor considers the reasons for the delay, "such as a detainee's request for continuances." Id. (citing Diop, 656 F.3d at 234; Demore v. Kim, 538 U.S. 510, 531 (2003). The court also asks "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay.' " Id. (quoting Diop, 656 F.3d at 234). The record indicates that neither side has delayed removal proceedings. Therefore, this factor is neutral. See id. at 212.

*Conditions of Confinement* – This is the most pragmatic factor and requires a determination of whether "the alien's conditions of confinement are

5

meaningfully different from criminal punishment." Id. at 211 (cleaned up).  The Clinton County Correctional Facility is a county jail.  A jail is a jail.  German Santos has made clear: "if an alien's civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable… And as the length of detention grows, so does the weight that we give this factor." 965 F.3d at 211.  Put another way, the more conditions look like a jail sentence, the more the court must worry about due process. Id. at 212–13.

Gonzalez-Reyes was transferred from FCI-Allenwood Low to the Clinton County Correctional Facility approximately two months ago.  He has essentially traded one prison cell for another.  This weighs slightly in favor of relief.  This factor will weigh more in favor of granting the petitioner relief as time goes on. But, at the two-month mark, it is not enough to compel this court to order a bond hearing.  On balance, the German Santos factors demonstrate that Gonzalez-Reyes's Section 1226(c) detention has not become unreasonable.  His petition will thus be denied.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Juan Gonzalez-Reyes's petition for writ of habeas corpus, (Doc. 1), is **DENIED**; and

2) The Clerk of Court is directed to close this case.

6

Date: 5/26/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court